## Case No. 12,167.

RUSSELL & ERWIN MANUF"G CO. v. P. & F. CORBIN MANUF"G CO. et al.

[12 Blatchf. 36; 1 Ban. & A. 159; 7 O. G. 383.] ¹

Circuit Court, D. Connecticut.    April 28, 1874.

PATENTS—REVERSIBLE LOCK— CLAIM CONSTRUED.

1. The claim of the letters patent granted to Rodolphus L. Webb, December 31st, 1867, for an "improvement in reversible locks and latches," namely, "the combination of a lock and latch, when the·lach-bolt and its operative mechanism are arranged in a case or frame independent of the main case, and constructed so that the latch-bolt may be reversed, substantially as described, without removing the said independent case from the main case," is infringed by the combination of a lock and latch, in which the latch-bolt and its operative mechanism are arranged in a skeleton frame in an outer or lock case, which operates to preserve the proper relations of the yoke and tumbler, while being moved forward and backward, although it does not ·so operate when the latch and latch mechanism are removed from the outer or lock case.

2. Infringement is not avoided by the fact that, when the patentee's latch-bolt is drawn forward, for the purpose of reversing it, the case or frame moves forward with it in a straight line, and that the defendants' frame, when the latch-bolt is drawn forward, moves forward in a curved line.

3. Nor is infringement avoided by the fact, that the defendant introduces a catch, operated by a spring, to hold in position the latch and its mechanism, after reversal, until the knob-spindle is inserted.

4. The word "independent," in the claim, does not mean that the latch and its mechanism operate without any contributory aid from the main case or adjuncts thereto, but means that the frame containing the latch and its mechanism is separate from, or forms no part of, the main case.

[This was a bill in equity by the Russell & Erwin Manufacturing Company against the P. & F. Corbin Manufacturing Company and Frederick H. North for the infringement of letters patent No. 72,946, granted to R. L. Webb, December 21, 1867.]

Charles E. Mitchell and Benjamin F. Thurston, for plaintiff.

Charles R. Ingersoll and Charles F. Blake, for defendants.

WOODRUFF, Circuit Judge. The bill of complaint herein is filed to restrain the alleged infringement by the defendants, of letters patent for an "improvement in reversible locks and latches," granted, on the 31st of December, 1867, to Rodolphus L. Webb, and assigned by him to the plaintiff on the 12th of May, 1868, and to recover from the defendants the gains and profits arising from

such infringement, and for other relief. The answer of the defendants places their defence upon two grounds, viz., that the invention described in the patent is not the invention of Webb, but of one Burton Mallory, and was known and used by him before the said Webb had any knowledge thereof, and was described in letters patent granted to Mallory May 5th, 1863; and that, under any proper construction of the patent to Webb, the defendant corporation has not made use of, or employed, any improvement described or claimed in the said letters patent, or sold any locks which correspond with the construction claimed by the patentee, as described in his claim. They then allege, that the locks which they have made and sold are constructed with the improvements described in letters patent issued to W. T. Munger, March 1st, 1870.

In a suit in this court between the present complainant and the same Burton Mallory referred to in the answer of these defendants, we considered the construction and validity of the claims in the patent granted to Webb, held him to be the first inventor, and adjudged the said Burton Mallory an infringer of the rights of these complainants. Russell & Erwin Manuf'g Co. v. Mallory [Case No. 12,-166]. The defendants in this cause have so far acquiesced in that decision that, on the trial of this cause, the only question raised and discussed, or to which proofs on the part of the defendants were addressed, was whether the locks and latches produced, and which, as admitted, the defendant corporation is engaged in manufacturing and selling, do infringe the patent granted to Webb on which this suit is founded. Upon that question we entertain no serious doubt. There is, it is true, a conflict of testimony. The defendants have examined experts, who point out ·noticeable differences between the latch mechanism made by the defendants and that made by the complainant, but those. differences are mainly formal, and, in some respects, verbal only. If, in any feature, there is material change of construction, it is, at most, an addition, modification or improvement on the structure of the patentee, which, nevertheless, embraces its substantial features, and operates by the same substantial means and in substantially the same way. We do not think it necessary to enter very fully into the details of the patented invention, in disposing of this case. It is described with some minuteness, in the opinion of the court in the suit against Burton Mallory, above referred to.

The claim of the patentee is in these words: "What I claim, therefore, and desire to secure by letters patent, is, the combination of a lock and latch, when the latch-bolt and its operative mechanism are arranged in a case or frame independent of the main case, and constructed so that the latch-bolt may be reversed, substantially as described, without removing the said independent case from the-

¹ [Reported by Hon. Samuel Blatchford, District Judge; reprinted in 1 Ban. & A. 159, and here republished by permission.]

main case." The description in the preceding specification, and the drawings and model of the patentee, show, that the case or frame in which the latch mechanism is arranged is of thin sheet metal, partially surrounding the mechanism of the latch, to hold the parts in proper relative position when drawn forward for the reversal of the latch-bolt, and while it is being returned to its place. But, the patent cannot be avoided by making that case or frame a skeleton frame operating in substantially the same way. The patentee seems to have anticipated some such attempt to limit the meaning of the word "case," by inserting the words "case or frame," as, for the purposes of his invention, synonymous, as, in their connection and application to this mechanism, we think they are. The defendants use a frame, which operates to preserve the proper relations of the yoke and tumbler, while being moved forward and backward, as does the complainant's "case or frame." It was suggested, that it does not so operate, when the latch and latch mechanism are removed from the outer or lock case, but that, when so removed, the forward end of the bolt is not sustained but falls, and the due adjustment of the mechanism is not preserved; whereas, it is said, the case used by the complainant always preserves the parts in their proper adjustment, whether in or out of the outer or lock case. We apprehend the question of infringement does not depend upon what capacity the several parts of the latch mechanism used by the defendants have or have not, when in no condition for practical use, or outside of the conditions in which the latches of both parties are intended to operate, and in which alone they are, in fact, used. If, therefore, in point of fact, there be any such difference between the two structures, (which, however, the complainant denies,) the question would still be—do the defendants, in making their locks and latches, construct and insert a mechanism and frame, which, in the actual condition and relation to the means of practical use, is like the complainant's patented invention, producing the same result, in substantially the same way, by substantially the same means? If they do, then it is not material that, outside of those conditions, or removed from the outer or lock case, the complainant's latch mechanism and frame has the capacity of holding the parts in due relation, which the defendants' has not. This may show that the defendants' device is not good or not so useful and convenient as the complainant's; but, that is all.

Besides, the patent to Webb is not for the latch with its mechanism and case in a condition not adapted to use. As more fully explained in the former suit, above referred to, it is limited to the structure which contains the latch mechanism within an outer case. It will not avail, therefore, to say, that they do not infringe because, when removed from the outer case, the defendant's devices will not operate in the same manner as the complainant's device will do when thus removed. If the defendants can make their peculiar frame and mechanism of the latch useful outside of any outer case, probably the complainant would not object that, by doing so, the patent was infringed. If the opinion in the former case was correct, the defendants infringe, if their device, constructed and used in the arrangement and connection described in the patent for the aggregate structure, does operate in the same way and produce the same result by substantially the same means. In this view, we think the defendants' frame is not even entitled to be treated as an equivalent. It is, in substance, the same thing as the complainant's case or frame.

Again, there is a difference in the line of motion of the case or frame. When the complainant's latch-bolt is drawn forward, for the purpose of reversing it, the case or frame moves forward with it, in a straight line. By means of a projection in the main case, at a corner or projecting angle of the defendants' frame, the movement of their frame, when the latch-bolt is drawn forward, is in a curved line forward, the frame being made to turn on such projecting angle as a centre of motion. This difference is so obviously an immaterial variation, so far as the question of infringement is concerned, that, although the defendants' expert witnesses gave it some prominence, their counsel expressly declined to claim for it any significance.

So, another difference is stated by the defendants' experts. When the complainant's latch-bolt has been drawn forward reversed and returned to position, but the knob-spindle has not been inserted, it can easily be drawn forward again; it is not held in place until such spindle is inserted. The same is true of the defendants' devices which are claimed to infringe. But, the defendants have superadded another device—a catch operated by a spring, by which, when the latch and its mechanism is returned to its proper position, before the knob-spindle is inserted. This is a merely superadded device. If of any conceivable utility, it may improve the aggregate structure, but it has no effect whatever upon the office, functions or mode of operation of the patented devices, nor does it justify the defendants in appropriating them to their use.

It is further insisted, that, because the complainant's patent and, especially, the claim therein, characterizes the case or frame as "independent" of the main case, and the defendants, in their structure, make the main case useful by inserting studs therein to receive the bearing of the bolt spring, there is, therefore, no infringement. That argument can have no force, unless we should construe the claim as involving, in the aggregate structure, the complete independency of the latch mechanism from any office or function

of the main case. Such is, in substance, the argument. In the first place, the claim does not, in terms or by a just interpretation of its meaning, import that the latch and its mechanism, in the combination in which it is described and patented, operate without any contributory aid from the main case or adjuncts thereto; but, only, that the case or frame is independent of the main case, which means, separate from, or forming no part of, the main case; and this is literally and exactly true of both complainant's and defendants' case or frame. Second, when the claim and specification are read together, it becomes obvious, that the contributory aid of the main case to the successful operation of the latch, in connection with a lock case, as it is patented, is just as essential as in the defendants' device. Studs therein guide the movement of the latch mechanism, the inner side of that case, or a stud therein, (shown in the drawings,) sustain the mechanism against the backward thrust, and against the bearing of the spring before the knobspindle is inserted, and the latch is sustained by, and slides between, the two surfaces of that outer case. The claim does not, therefore, mean, and could never be understood by one who ever read the specification or saw the model, that the latch and its mechanism operated independently of the main case. All that it imports is, that there was an outer case and a separate inner frame or case, in which the latch mechanism is arranged or held in position. Whether the bearing of the bolt spring was against the case or frame of the latch mechanism, or against a stud or studs in the outer case, is of no materiality to the claim of the patent. The whole operates substantially in the same way, and produces the same result, and by substantially the same means.

A decree must be entered for the complainant, agreeably to the prayer of the bill of complaint, with costs to the complainant.

[For another case involving this patent, see Russell & Erwin Manuf'g Co. v. Mallory, Case No. 12,166.]